Mr. Chief Justice ShaRKey
delivered the following opinion.
The plaintiff brought ejectment for a quarter section of land, and introduced and relied on a patent from the United States. The defendant introduced and relied upon the deed of the tax collector, dated April, 1844, the quarter section of land having been sold for the taxes due in 1843, under the law as it then stood. The statute makes such deed prima facie evidence that the tax collector proceeded regularly in making the sale by a due performance of all preliminary steps. It became, therefore, incumbent on the plaintiff to rebut and overturn the prima, facie title of the defendant, by proof that the collector did not comply with the directions of the law in making the sale. To do this he introduced the collector who made the sale, who stated that his usual custom in selling for taxes was to offer the land, and ask, Will any one pay the whole of the taxes due for a lot of eighty acres 1 If no one bid the taxes due, then he asked, Will any pay the taxes due for a quarter section 'l If no bid was made then, he proceeded in the same way until the whole tract was offered together. He stated that he had sold this quarter section in that Avay; that is, by asking, Will any one pay the taxes, costs, and charges for one eighth or eighty acres'? and, as no one bid, the whole quarter section was put up and sold. This, it is contended, was irregular, and vitiated the sale, and we are to determine whether the objection is well taken.
The question raised involves a construction of portions of the several revenue laws passed in 1841, 1842 and 1843. The act of 1841 provides, that the collector, in making sale of land for *501 taxes, “shall not sell in any one lot more than one eighth of a section; but if one lot will not sell for the amount of taxes due, and-the costs and charges that shall have accrued, as many lots of that quantity may be sold as will be sufficient to pay the amount due; and the collector may adjourn any such sale from day to day if necessary.” Acts of 1841, p. 68, sec. 38. Let us understand precisely the scope and meaning of this act before the subsequent acts are noticed. It is impossible to mistake its object in one important particular; it was designed to prevent the sale of more land than was actually necessary; or in other words, to collect the taxes by the sale of as little as possible, observing the legal subdivisions of sections. It is founded in the most obvious principle. Government is established for the benefit of the people, and it should not be permitted so to act by its officers as to produce injustice or oppression. It must protect and not sacrifice their rights; and all its exactions must be made with the least possible encroachments on individual rights. But for this law the collector would have been left free to exercise his discretion; but this law prescribes a limit. It is prohibitory in its character. Let us take the first clause: “The collector shall not sell in any one lot more than an eighth of a section.” Here is the rule for the government of the collector, the command to him, and the limit to his power. He cannot sell a lot of a greater quantity, unless there be some subsequent express authority authorizing the sale of a larger lot. Is there any such authority? I think not. The next clause of the section is, “but if one lot will not sell for the amount of taxes due, and the costs and charges that shall have accrued, as many lots of that quantity may be sold as will be sufficient to pay the amount due.” Now the question is, does this latter .clause authorize the collector, on any contingency, to increase the'size of the lot he offers for sale? If one lot will not sell, can he add that to another lot, and sell both together, and if so, does he sell a lot of a greater quantity than “ one eighth of a section ” or not ? It seems, to me most obvious that by doing so he sells a lot of a greater, quantity than one eighth of a section, and thus violates the law. In the frame of this section the workings of the legislative mind *502 are very easily perceived. First, an unnecessary sacrifice of the property of the citizens must be avoided; therefore, the collector shall sell but a single lot at a time; the balance is saved to the owner. But, secondly, suppose one lot will not sell for enough, then another lot of the same quantity must be sold. It seems manifest, that the legislature supposed that no lot would be offered that would not bring something; hence the law is silent as to the course, to be pursued when the first lot will not sell for any thing. It certainly does not authorize the collector to put it up a second time, and this he does by offering it with the next lot.
We are sometimes aided in the construction of a law by running out its practical operation in a supposed case. If by doing so it becomes manifest that the intention of the legislature may be defeated, a construction which would produce that effect, should not be adopted, if it can well be avoided. Then let us suppose the owner of a section of land to be unable to pay the taxes. One eighth of the section is offered; it does not sell; another is offered with the lilce result, and so on until it comes to the last, which is valuable, and of itself will bring more than the amount of taxes due. The purchaser thus gets the whole section, when one eighth would have paid the tax. Has the collector sold more than was “sufficient to pay the amount due ” in such a case 1 He has; and it seems to me, that under such a construction of the law, the owner will often be deprived of his whole tract, when a small part would have brought enough. Lands sold for taxes generally bring but little. Let it be understood that the law justifies the collector in adding a lot that has failed to sell to the next one offered, and so on until the whole is put up together, and persons desiring to purchase will assuredly not bid until the whole is offered. Under such a course of sale, it is just as easy to get the whole as part; and this will be the effect of selling in that manner. No doubt it has already produced mischief in that way. Suppose the first lot offered should bring one cent or one dollar, when the tax is five dollars, is the collector authorized to put it up with the next lpt because it did not bring enough? If he has a right to increase *503 until he gets one large enough, he has undoubtedly just as much right to add a lot that did not bring enough, as he has to add one that would bring nothing. But such a construction, I suppose, would not be insisted on. The bidder who offers one dollar, is entitled to the land. My construction of the law is, that the collector must sell in lots of one eighth of a section, and in no greater quantities. If one will not sell, another must be offered, and so on, until the whole has been offered in separate lots.
The act of 1842 is supplementary to the act of 1841, but it makes no change in the manner of sale, leaving it as it stood under the act of 1841. By the first section of the act of 1842, if land did not sell for enough to pay the taxes, the collector was authorized to bid it in for the state, for the amount of taxes due thereon. See Acts bf 1842, p. 54, sec. 16. That provision would have had a natural bearing on the sales made under the previous act, but this 16th section seems to have been repealed by the 1st section of the act of 1843. See Acts of 1843, p. 41. This last act was passed to amend the revenue laws, but it makes no change as to the mode of sale prescribed by the act of 1841, except to alter the time and manner of advertising the sale, by directing that the collector should advertise in the same manner that the sheriff advertises a sale under execution.
But the collector committed another error, as I think, in making this sale. He should have designated the particular eighth of a section which was first offered. He cannot sell an undivided interest, and make the purchaser a tenant in common with the original owner; nor can he, by so selling, give the purchaser choice of the tract or parcel purchased. He is directed to sell in separate lots of one eighth of a section, and not an undivided interest.
In these two particulars, I think, the law has been violated, both in letter and spirit, and as a tax collector sells by a naked statute power, any deviation from his authority will vitiate his sale.
I am, therefore, of opinion that the judgment should be reversed.